UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANERA NEHR,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                       /

No. 19-10357

District Judge Mark A. Goldsmith

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Plaintiff Dianera Nehr ("Plaintiff") brings this action pursuant to 42 U.S.C. §405(g), challenging a final decision of Defendant Commissioner ("Defendant") denying her application for Disability Insurance Benefits. Before the Court are Plaintiff's motion for summary judgment [Doc. #12] and Defendant's motion to remand [Doc. #14], which have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Defendant's motion to remand to the administrative level for further proceedings be GRANTED and that Plaintiff's motion for summary judgment seeking a remand solely for an award of benefits be DENIED.

### I. BACKGROUND

Plaintiff applied for Disability Insurance Benefits ("DIB") August 28, 2013, alleging disability as of January 1, 2011 (Tr. 141). On June 15, 2015, Administrative Law Judge Janet L. Alaga-Gadigian ("ALJ") determined that Plaintiff was not disabled (Tr. 20-34). The Appeals Council denied review of the claim on June 13, 2016 (Tr. 1). On August 12, 2016, Plaintiff filed suit in this Court challenging the administrative decision. *Case No. 16-12954*. On February 23, 2017, the case was remanded for further proceedings upon stipulation of the

parties. *Id., Docket #23-24.* Back at the administrative level, the Appeals Council remanded the case to ALJ Alaga-Gadigian for further proceedings (Tr. 526). The Appeals Council noted that the Residual Functional Capacity ("RFC") crafted by ALJ Alaga-Gadigian was based on an erroneous interpretation of the findings of consultative examiner Terry Rudolph, Ph.D. (Tr. 526). The ALJ was directed, in effect, to re-articulate her rationale for the work-related abilities set forth in the RFC (Tr. 526-527).

ALJ Alaga-Gadigian held a second hearing on October 10, 2017 in Oak Park, Michigan (Tr. 440). Plaintiff, represented by attorney Barry O'Lynnger testified, as did Vocational Expert ("VE") Helen Topcik (Tr. 444-471, 472-476). On November 20, 2017, the ALJ again found that Plaintiff was not disabled between the alleged onset date of January 1, 2011 and the expiration of entitlement to DIB on December 31, 2015 (Tr. 419-433). On December 7, 2018, the Appeals Council denied review of the administrative decision (Tr. 404-406). Plaintiff filed the present action on February 5, 2019.

On July 23, 2019, Defendant filed a motion to remand to the administrative level for further proceedings in lieu of a motion for summary judgment. *Docket #14.* Plaintiff does not assent to the motion to remand for further fact-finding, but instead seeks a remand solely for the purpose of rewarding benefits. *Docket #15.*

## II.  STANDARD OF REVIEW

"Under the substantial evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, — U.S. —, 139 S.Ct. 1148, 1154 (2019)(punctuation altered)(*citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938))(emphasis deleted). The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence. *Biestek* at 139

S. Ct. at1152; 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(*citing Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.1994)).

The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)(*en banc*). Where substantial evidence supports the ALJ's decision, the reviewing court "defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Commissioner Of Social Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997)). However, in determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

### III. FRAMEWORK FOR DISABILITY DETERMINATIONS

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe

impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §416.920(a). The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Her v. Commissioner of Social Sec.*, 203 F.3d 388, 391–92 (6th Cir. 1999).

## IV.  DISCUSSION

Defendant concedes that the ALJ "made several factual errors" which undermine her non-disability determination and that a remand to the administrative level for further fact-finding is required. ECF No.16, PageID.867. Defendant admits that the ALJ erroneously found "gaps in medical treatment" while in fact, Plaintiff received regular treatment for the periods in question. ECF No.16, PageID.868. Defendant further admits that the ALJ's weighing of the allegations of limitation over-relied on older and isolated portions of the evidence. ECF No. 16, PageID.869. Defendant acknowledges Plaintiff's argument that a March, 2014 non-examining evaluation partially relied upon by the ALJ did not have benefit of all of the treating records. *Id.* However, Defendant disputes Plaintiff's claim that an award of benefits by the Court is warranted, arguing that the appropriate remedy is a (1) remand for further fact-finding before a new ALJ (2) re-evaluation of Plaintiff's subjective symptoms, and (3) ordering a psychiatric or psychological opinion taking into account all of the evidence created during the relevant period. ECF No. 14, PageID.858.

In contrast, Plaintiff disputes that further proceedings are necessary, arguing that she has already "given exhaustive testimony at two administrative hearing" and completed written reports describing her condition. ECF No. 15, PageID.862. As to the need for more

opinion evidence, Plaintiff argues that there is already "consensus among the medical opinions," including treating source opinions by psychiatrist Drs. Julie Sherbin-Sher, D.O. and Jennifer Vinch, M.D., that Plaintiff experiences a disability level mental impairment. ECF No. 15, PageID.863. She points out that her entitlement to DIB expired at the end of December, 2015 and thus, any new evaluation "would have little, if any, relevance" to her condition prior to the expiration date. *Id.* She also argues that the ALJ improperly relied on her ability to perform certain activities on a sporadic or isolated basis to support the non-disability determination and that the allegations of limitation ought to have been credited in full. ECF No. 12, PageID.848.

Unlike a remand for further fact-finding, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 176 (6th Cir.1994)(*citing Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir.1985)). A remand for benefits is appropriate only where "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id.*

### A. The Treating Physician Analysis

Plaintiff's argument for benefits hinges in majority part on whether the ALJ erred by declining to accord controlling weight to the treating opinions of Drs. Sherbin-Sher and Vinch.

#### 1. Basic Principles

Case law in effect at the time of Plaintiff's application requires that "if the opinion of the claimant's treating physician is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, it must be given controlling weight." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir.

2009)(internal quotation marks omitted)(*citing Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)); SSR 96–2p at *5; 20 C.F.R. §§ 404.1527(c); 416.927(c).[1] In the presence of contradicting substantial evidence however, the ALJ may reject all or a portion of the treating source's findings, *Warner v. Commissioner of Social Sec.*, 375 F.3d 387, 391-392 (6th Cir. 2004), provided that he supplies "good reasons" for doing so. *Wilson*, at 547; § 404.1527(c); In declining to give less than controlling weight to the treating physician's opinion, the ALJ must consider (1) "the length of the ... relationship" (2) "frequency of examination," (3) "nature and extent of the treatment," (4) the "supportability of the opinion," (5) the "consistency ... with the record as a whole," and, (6) "the specialization of the treating source." *Wilson*, at 544.

### 2. Dr. Sherbin-Sher

Psychiatrist Dr. Sherbin-Sher, D.O. began treating Plaintiff in January, 2012 (Tr. 283). In October, 2013, Dr. Sherbin-Sher completed a "Psychiatric/Psychological Impairment Questionnaire," finding that due to anxiety, agoraphobia with panic attacks, depression and occasional auditory hallucinations, Plaintiff experienced marked limitation in understanding and memory; concentration and persistence; social interactions; and adaptation (Tr. 287-288). Dr. Sherbin-Sher found that Plaintiff was incapable of even "low stress" work and would be expected to miss work more than three times a month (Tr. 289-290). She noted that

---

[1] The administration rescinded SSR 96-2p on March 27, 2017. *See* Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 FR 15263-01 (Mar. 17, 2017). Under the new rules, ALJs will weigh both treating and non-treating medical evaluations based on how well they are supported by the remainder of the record. 20 C.F.R. §§ 404.1520b; 416.920c. The "new rules, however, apply only to claims filed on or after March 17, 2017." *Hancock v. Commissioner of Social Sec.*, 2017 WL 2838237, at *8 (W.D. Mich. July 3, 2017)(*citing* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01 (Jan 18, 2017) ). Because current Plaintiff filed his claim well before March 17, 2017, SSR 96-2p would apply.

Plaintiff's GAF of 55 to 60 had remained unchanged in the past year[2] (Tr. 283).

The ALJ's accord of "little weight" to Dr. Sherbin-Sher's October, 2013 assessment is adequately explained and supported (Tr. 430). The ALJ acknowledged Dr. Sherbin-Sher's status as a psychiatrist and a long-term treating source (Tr. 430). The ALJ provided an accurate summary of Dr. Sherbin-Sher's treating records (Tr. 427-428). The ALJ's summation of Dr. Sherbin-Sher's treating records is consistent with my own review of the records which include Plaintiff's report between March and June, 2012 that she was feeling better with better sleep (Tr. 296-297, 300). Dr. Sherbin-Sher's January, 2012 through May, 2013 records note normal concentrational abilities (Tr. 310-312, 314-322). September, 2013 medication management records note a normal mood and affect; logical thought process; appropriate thought content; and normal concentrational abilities (Tr. 307). The ALJ did not err in finding that Dr. Sherbin-Sher's treating records stood at odds with her assessment of marked work-related limitation.

Plaintiff also faults the ALJ for citing the GAF scores used by Dr. Sherbin-Sher in assessing the level of psychological functioning (Tr. 427-428, 430). She is correct that the American Psychiatric Association no longer endorses the GAF 100-point scale as a measurement tool. *Diagnostic and Statistical Manual of Mental Disorders* (5th ed. 2013)("DMS-V")(*Jordan v. Commission of Social Sec*., 2011 WL 891198, *5 (E.D. Mich. January 14, 2011))(GAF scores "subjective opinions, representing a snapshot of a person's level of functioning at a given moment in time, not a rating of their ability to work").

---

[2] A Global Assessment of Functioning Scale ("GAF") score of 51 to 60 indicates moderate symptoms (occasional panic attacks) or moderate difficulty in social, occupational, or school functioning. *Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders* (4thed.2000)("*DSM-IV-TR*"), 34.

However, the ALJ's observation that Dr. Sherbin-Sher assigned Plaintiff GAFs reflecting either moderate (51 to 60) or mild limitation (61-70) are consistent with repeated treating observations of a normal thought content, full orientation, and normal concentrational abilities (Tr. 327).[3] Thus, the ALJ did not err by citing them along with other portions of Dr. Sherbin-Sher's treating records to show that the treating records undermined the October, 2013 "disability" opinion. *See Bolden v. Commissioner of Social Sec.*, 2020 WL 579045, at *2, fn 3 (W.D.Pa. February 5, 2020) (GAF "scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled").

In faulting the ALJ's adoption of a March, 2014 non-examining opinion over Dr. Sherbin-Sher's 2013 findings, Plaintiff relies on *Gayheart v. Commissioner of Social Sec.,* 710 F.3d 365, 377 (6th Cir. 2013), for the proposition that a rejection of a treating source opinion solely on the basis that it is contradicted by only non-treating or non-examining sources "would turn on its head" the . . . presumption of giving greater weight to treating sources . . . ." *Id.* However, the ALJ did not err in noting that Dr. Sherbin-Sher's findings were not only inconsistent with a non-examining source opinion but with her own treating records (Tr. 430). As such, Plaintiff's reliance on *Gayheart* is misplaced.

Standing alone, Dr. Sherbin-Sher's treating records showing consistently normal thought content and normal concentrational abilities undermines Plaintiff's argument that the case for benefits is "overwhelming" or that all the factual issues have been resolved. As discussed below, other evidence also supports the case for a remand for further fact-finding rather than an award of benefits.

---

[3]GAF scores in the range of 61 to 70 suggest "some mild symptoms or some difficulty in social, occupational, or school functioning." Diagnostic and Statistical Manual of Mental Disorders—Text Revision ("DSM–IV–TR"), 34.

### 3. Dr. Vinch

In June, 2017, psychiatrist Jennifer Vinch, M.D diagnosed Plaintiff with Posttraumatic Stress Disorder ("PTSD"), anxiety, and major depression (Tr. 637). In July, 2017 Dr. Vinch noted Plaintiff's report of significant relief from anxiety symptoms with Xanax (Tr. 639). Plaintiff denied medication side effects (Tr. 639). She appeared sad and depressed with a restricted affect but demonstrated intact memory, fair concentration, and a goal directed thought process (Tr. 640). Plaintiff declined to consider psychotherapy (Tr. 641). In September, 2017, Dr. Vinch completed a mental health assessment noting the presence of PTSD, anxiety, and depression with psychotic features (Tr. 694). She noted "financial stressors" exacerbated Plaintiff's psychological problems (Tr. 694). Dr. Vinch found moderate to marked limitation in understanding and memory and marked limitation in concentration, social interaction, and adaptation (Tr. 697). Dr. Vinch ended her assessment by stating that she could "not speak to" Plaintiff's condition before June, 2017 (Tr. 698).

The ALJ accorded "no weight" to Dr. Vinch's assessment (Tr. 431). She correctly noted that Dr. Vinch did not treat Plaintiff until significantly after the expiration of entitlement to DIB[4] (Tr. 431). This is consistent with Dr. Vinch's own statement that she could not evaluate Plaintiff's condition before June, 2017. While the ALJ erroneously found that prior to Dr. Vinch's treatment, Plaintiff did not receive "any significant mental health treatment for an extensive period," the finding that Dr. Vinch's opinion was irrelevant to Plaintiff's condition on or before December 31, 2015 constitutes adequate grounds for its rejection (Tr. 431).

---

[4]However, the ALJ erroneously stated that Dr. Vinch did not treat Plaintiff until over two years after the expiration of DIB (Tr. 431). In fact, Dr. Vinch's first treated Plaintiff just under 18 months after the expiration.

**B. Defendant's Motion for Remand for Further Fact-Finding Should be Granted**

A remand for further fact-finding rather than an award of benefits is warranted for multiple reasons. First, Dr. Sherbin-Sher's treating records, without more, stand at odds with Plaintiff's contention that the factual issues have been resolved in favor of an award of benefits. Second, while ALJ Janet L. Alaga-Gadigian's determination contains erroneous findings as to the consistency of treatment and relies on isolated activities in rejecting Plaintiff's claims, the record nonetheless contains significant evidence in favor of a non-disability finding. This is not to suggest that Plaintiff would not be entitled to an award of benefits upon proceedings but rather, that the evidence for either conclusion is more properly weighed by the administrative fact-finder. *Wiser v. Commissioner of Social Sec.,* 627 Fed.Appx. 523, 526 (6th Cir. October 15, 2015)(remand for further fact-finding on basis that "[w]hile there is evidence in the record that Wiser may be disabled, there is also evidence that Wiser may not be disabled")(*see also Goan ex rel. Goan v. Commissioner of Social Sec.*, 2011 WL 1496546, at *1 (E.D.Mich. April 19, 2011)("ALJ's decision left unresolved multiple issues of fact that this Court is neither qualified nor authorized to resolve . . . .").

Further, the proposed conditions for the remand for further fact-finding would adequate address the concerns raised by Plaintiff. Given that the case is being remanded for the second time due to the current ALJ's erroneous factual findings, Defendant reasonably notes that it should be remanded to another ALJ for a proper review of the medical evidence and subjective allegations of limitation. Consistent with Plaintiff's argument that the March, 2014 non-examining assessment of only mild and moderate psychological limitation was not based on all of the relevant evidence (Tr. 78-79), Defendant has agreed that upon remand, the treating and consultative records for the period on or before December 31, 2015 should be reviewed for a more complete picture of Plaintiff's psychological condition during the

relevant period. Therefore, while Plaintiff is not entitled to a remand for an award of benefits, she is entitled to the relief to which the Commissioner agrees in the motion to remand.

## V.  CONCLUSION

I therefore recommend that Defendant's motion to remand [Doc. #14] be GRANTED, and that the case be remanded to a different ALJ for further proceedings consistent with this Report.

I further recommend that Plaintiff's motion for summary judgment [Doc. #12] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc., and any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," *etc.*

                                                 s/ R. Steven Whalen
                                                 R. STEVEN WHALEN
Dated: February 11, 2020           UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 11, 2020, electronically and/or by U.S. mail.

                                                 s/Carolyn M. Ciesla
                                                 Case Manager to the
                                                 Honorable R. Steven Whalen