UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANERA NEHR,

    Plaintiff,                                             Case No. 19-10357

vs.                                                                     HON. MARK A. GOLDSMITH

NANCY A BERRYHILL,

    Defendant.

_____/

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED FEBRUARY 11, 2020 (Dkt.
20), (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 12),
AND (3) GRANTING DEFENDANT'S MOTION TO REMAND (Dkt. 14)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge R. Steven Whalen, issued on February 11, 2020 (Dkt. 20). In the R&R, the Magistrate Judge recommends that the Court deny Plaintiff Dianera Nehr's motion for summary judgment (Dkt. 12), grant Defendant Nancy A. Berryhill's motion to remand (Dkt. 14), and remand this matter to the Commissioner of Social Security for further administrative proceedings.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Plaintiff's motion for summary judgment (Dkt. 12) is denied. Defendant's motion to remand (Dkt. 14) is granted. This matter is remanded the Commissioner of Social Security for further administrative proceedings. In accordance with the R&R, the matter is to be assigned to a different administrative law judge.

SO ORDERED.

Dated: February 27, 2020  
     Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge